# SUCCESSION OF MARGARET QUINN.

## Syllabus.

Involves only issues of fact.

Appeal from the Civil District Court for the Parish of Orleans, Division "B," No. 97,656.    Honorable F. D. King, Judge.

McCloskey & Benedict, for plaintiff and appellee.

Prowell & Prowell, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Andrew Elliott, sometimes called Hays, impecunious for anything this record shows to the contrary, married but living apart from his wife and in open concubinage with the deceased for six years or more prior to her death, claims from this succession the sum of $1,150, practically absorbing the whole residuum thereof; the only assets (less a few dollars) being the price realized from the sale of a piece of real estate inherited by the deceased from her parents and in which the deceased lived alone with the claimant.

The claim is based upon a written acknowledgment made out in the hand writing of the claimant but purporting to have been signed by the deceased while she lay in bed, sick and unattended, in the house aforesaid, and only a day or two before she was removed therefrom, by her sister at the suggestion of her doctor, and taken to a sanatarium, where she died a few days later.

The only evidence in support of the genuineness of the signature is a sort of general resemblance to other signa-

tures of the deceased and claimant's oath that she signed it in his presence.

Opposed to this is the testimony of an expert in handwriting, who declared that the signature was not that oi the deceased, but was affixed by the same hand which drew up the body of the instrument.

The trial Judge, who saw the witnesses did not believe the claimant, and considering the circumstances neither are we able to do so.

The judgment appealed from seems to us to be correct.

Judgment affirmed.